UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID LEE WILLIAMS (#98840) | CIVIL ACTION |
| VERSUS | NO. 19-350-BAJ-EWD |
| DARREL VANNOY, ET AL. | |

## RULING

Before the Court is a Motion to Refile Habeas Application[1] by David Lee Williams ("Petitioner"), which appears to be Petitioner's attempt at filing a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60. The initial Petition filed by Petitioner was deficient and the Court was unable to discern what claims Petitioner sought to raise.[2] Accordingly, the Court issued a letter of deficiency.[3] Thereafter, Petitioner sought to dismiss his Petition, which request was granted.[4] In addition to Petitioner's Motion to Refile Habeas Application, Petitioner has filed a new Petition for Writ of Habeas Corpus.[5] It is clear from this Petition that Petitioner does not, in fact, seek relief from judgment pursuant to Rule 60; rather, Petitioner seeks to file a successive habeas application.

---

[1] R. Doc. 11.

[2] R. Doc. 1.

[3] R. Doc. 3.

[4] *See* R. Doc. 8.

[5] R. Doc. 16.

Petitioner has previously filed multiple other petitions for writ of habeas corpus in the United States District Court for the Eastern District of Louisiana regarding the same conviction that were deemed successive and that raised the same claims as raised herein.[6] Title 28 of United States Code Sections 2244(b)(1) and (2) authorize dismissal of "second and successive" habeas corpus petitions, and § 2244(b)(3) directs a petitioner filing a "second and successive" habeas to obtain authorization from the appropriate Court of Appeals before filing the petition in District Court. This Court notes that in both of the aforementioned cases filed in the Eastern District of Louisiana, Petitioner sought permission from the United States Court of Appeals for the Fifth Circuit to file a successive habeas petition. In the first such case, filed in 2001, the Fifth Circuit denied that request. In the second case, filed in 2007, the Fifth Circuit again denied Petitioner's request and advised Petitioner that "the filing of frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, and/or restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction."[7]

The instant Petition is another attempt to collaterally attack Petitioner's state court conviction, and Petitioner's claims are clearly successive, as previously noted by the Eastern District of Louisiana and the Fifth Circuit. As Petitioner has not yet

---

[6] *See David Lee Williams v. N. Burl Cain*, Civil Action No. 07-9724 (E.D. La.) and *David Lee Williams v. N. Burl Cain*, Civil Action No. 01-2048 (E.D. La.). Petitioner's original writ of habeas corpus was filed in 1989 and dismissed with prejudice. *See David Lee Williams v. Warden, LA St Pent Hilton Butler*, Civil Action No. 89-521 (E.D. La.).

[7] *See David Lee Williams v. N. Burl Cain*, Civil Action No. 07-9724, R. Doc. 6, (E.D. La.).

received permission from the Court of Appeals to file this successive petition in the District Court as required by statute, and as the Fifth Circuit has previously found that Petitioner is not entitled to file a successive petition, this Court lacks jurisdiction to consider his claims. Additionally, Petitioner is reminded of the warning the Fifth Circuit previously issued, as stated above. Accordingly,

**IT IS ORDERED** that the Petition[8] be deemed successive, and that it be **DISMISSED** for lack of jurisdiction because Petitioner did not obtain permission from the United States Court of Appeals for the Fifth Circuit prior to filing.

**IT IS FURTHER ORDERED** that Petitioner's pending Motions[9] be **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 11th day of October, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[8] R. Doc. 16.

[9] R. Docs. 11, 12, 13, and 15.